UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 05-337M |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| SARBJIT SINGH VIRK, | ) | |
| Defendant. | ) | |

Offense charged:

    Conspiracy to Distribute Ecstacy; Distribution of Ecstacy

Date of Detention Hearing:   July 7, 2005

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

    FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1)    The defendant is charged with conspiring and distributing MDMA ("ecstacy"), together with co-defendants.

    (2)    The defendant is a Canadian citizen with some relatives residing in India. An immigration detainer has been lodged. He is reported to have lived in Mexico for one year

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 1

15.13
Rev. 1/91

before living in the United States illegally until moving to Canada in 1996, although the defendant contends that he was in Mexico only for four to five days during a layover in the course of a flight from India. He is married and resides with his pregnant wife and daughter in Canada. He reports self-employment as a cabinet maker for the last three years, and employment as a cabinet maker prior to that. He states that he does not remember where he worked before 1997, although he proffers the explanation that he was self-employed, and does not recall the specific names of those for whom he performed services at that time. There is some discrepancy in the identification of assets by him and by his wife. He proffers the explanation that his wife is not English speaking and he handles their financial matters.

(3) An immigration detainer has been lodged.

(4) Statements made by co-defendants to the case agent alleged that this defendant had threatened one of the co-defendants and his family in the past, and that he had assisted Mr. Virk in other drug transactions in the past. Another co-defendant contended that Mr. Virk was the kingpin of a large drug trafficking organization in Canada.

(5) The defendant poses a risk of nonappearance based on Canadian citizenship and immigration detainer. He poses a risk of danger based on the nature of the charges and the degree of his involvement, and alleged threatening statements.

(6) There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 2

15.13
Rev. 1/91

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 8th day of July, 2005.

/s/ MARY ALICE THEILER
United States Magistrate Judge

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 3

15.13
Rev. 1/91